1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FERNANDO MILLSAP,

11                  Plaintiff,                    No. 2:10-cv-2008 MCE EFB P

12          vs.

13   MATTHEW CATE, et al.,

14                  Defendants.             <u>ORDER</u>

15   _____/

16          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42

17   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1).  Before the court is plaintiff's amended complaint.  Dckt. No. 35.

19   **I.      Background**

20          On July 28, 2010, plaintiff filed a complaint alleging that defendants had violated his

21   Eighth Amendment rights by failing to provide him with a safe method of accessing the upper

22   bunk to which he was assigned.  Dckt. No. 1.  Plaintiff claimed that on November 16, 2009, he

23   was injured when the stool that he was using to access the upper bunk collapsed underneath him.

24   *Id.*  On October 21, 2010, the court screened plaintiff's complaint pursuant to § 1915A, and

25   determined that plaintiff had stated a cognizable claim for relief against all defendants.  Dckt.

26   No. 7.

1

1       Thereafter, defendants moved to dismiss the complaint for failure to state a claim upon

2    which relief could be granted.  Dckt. No. 17.  The undersigned recommended that defendants'

3    motion be denied, finding that plaintiff's allegations were adequate to state an Eighth

4    Amendment deliberate indifference claim based upon the structural design of the cell, and also

5    finding that defendants were not entitled to qualified immunity.  Dckt No. 22.

6       On March 27, 2012, however, the district judge declined to adopt those findings.  Dckt.

7    No. 32.  The district judge determined that plaintiff's "structural design" claim "boil[ed] down to

8    Defendants' alleged failure to install ladders or other 'safety apparatus' to assist Plaintiff and

9    other inmates in getting on and off upper bunks."  *Id.* at 9.  The district judge, citing to numerous

10   district court cases for support, concluded that "Defendants' alleged failure to provide Plaintiff

11   and other inmates with 'safety apparatus' to access top bunks does not violate 'contemporary

12   standards of decency' to amount to cruel and unusual punishment under the Eighth

13   Amendment."  *See id.* at 11 (noting that plaintiff failed to present any facts to demonstrate

14   otherwise or to suggest that he had any difficulties getting on and off the top bunk until the

15   alleged incident).

16      The district judge also determined that defendants were entitled to qualified immunity

17   because a reasonable officer would not "would believe that his decision to refuse Plaintiff's

18   request for a ladder or other 'safety apparatus' was in violation of Plaintiff's clearly established

19   constitutional right."  *Id.* at 14. The district judge therefore granted defendants' motion to

20   dismiss and granted plaintiff leave to amend.  *Id.* at 15.  Now before the court is plaintiff's

21   amended complaint.  Dckt. No. 35.

22   **II.     Summary of Allegations in Amended Complaint (Dckt. No. 35)**

23      Like the original complaint, the amended complaint alleges that plaintiff was injured

24   when the stool he was using to access the upper bunk snapped off from the wall.  It also alleges

25   that plaintiff suffers from chronic neuropathy in his left arm and that because of this disability,

26   he had a "medically necessary lower bunk designation" in his file.  According to the allegations

in the complaint, the defendants were aware that the stools "had the tendency to break off from the wall mount[s], due to the numerous occurrences where they have broken off and caused injuries." Dckt. No. 35 at 4.  Plaintiff alleges that defendant Baker violated his rights under the Eighth Amendment and the Americans with Disabilities Act, and that defendants Virga, Walker, and Albee also violated his rights under the Eighth Amendment. *Id.* at 7.

## III.   Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

////

////

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**IV.    Screening Pursuant to 28 U.S.C. § 1915A**

The court has reviewed plaintiff's amended complaint and finds that it must be dismissed for failure to state a claim.  According to the complaint, defendants Walker and Virga were the wardens of CSP-Sacramento, and were responsible for "the supervision of staff, monitoring inmate safety and security . . . ."  Dckt. No. 35 at 1.  They allegedly reviewed inmate appeals regarding the dangers posed by the stools.  *Id.* at 5.  Plaintiff claims they violated his Eighth Amendment rights because "they implemented, adopted, failed to correct, and/or perpetuated policies and practices which placed the plaintiff in living conditions that were adverse to his serious medical need."  *Id.* at 7.  Plaintiff also alleges that defendant Albee was "the Supervisor of Buildings" and "is responsible for the maintenance of buildings . . . ." Dckt. No. 35 at 2.  Plaintiff claims that "by failing to take action to ensure plaintiff's safety by regular inspection [of the stools], his actions were deliberately indifferent" and "contributed" to plaintiff's injury.  *Id.* at 4, 7.  Defendant Baker allegedly supervised housing assignments and was aware that plaintiff had a medical need for a lower bunk.  *Id.* at 3.

As plaintiff is aware, a prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834, (1994).  A prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety.  *Id.* at 834.  To show deliberate indifference, the prisoner must allege that the defendant knew of and

1    disregarded an excessive risk to inmate health or safety; "the official must both be aware of facts

2    from which the inference could be drawn that a substantial risk of serious harm exists, and he

3    must also draw the inference." *Id.* at 837.

4           To prevail on a claim for violation of the Eighth Amendment based on inadequate

5    medical care, plaintiff must show both that his medical needs were objectively serious, and that

6    defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99

7    (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one

8    that significantly affects an individual's daily activities, an injury or condition a reasonable

9    doctor or patient would find worthy of comment or treatment, or the existence of chronic and

10   substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992),

11   *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en*

12   *banc*).

13          Here, plaintiff alleges that defendants Walker and Virga were aware of the alleged

14   dangers presented by the stools.  The court has concluded, however, that this condition of

15   confinement does not violate "contemporary standards of decency" to amount to cruel and

16   unusual punishment under the Eighth Amendment.  *See* Dckt. No. 32.  While plaintiff's

17   allegations suggest that the danger posed by the stools was exacerbated in light of his physical

18   disability and the lack of alternate means for accessing the upper bunk, he pleads no facts

19   suggesting that either Walker or Virga were aware of plaintiff's disability, his need for a lower

20   bunk, or the fact that he was being forced to use the stool to access the upper bunk.  Nor does

21   plaintiff explain how his arm condition interferes with his ability to access the upper bunk

22   through means other than the stool.  Plaintiff fails to plausibly allege that the defendants were

23   aware of a dangerous condition in plaintiff's cell, or otherwise show that these defendants acted

24   with the requisite deliberate indifference for an Eighth Amendment claim.  Rather, plaintiff seeks

25   to hold these defendants liable because of their alleged positions as supervisors and/or policy-

26   makers.  But plaintiff may not sue any official on the theory that the official is liable for the

unconstitutional conduct of his or her subordinates.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Like his claims against Walker and Virga, plaintiff alleges that at most, Albee was aware that the stools could be unsafe, but fails to set forth any facts showing that Albee knew about plaintiff's disability, how it interfered with his ability to access the upper bunk, if at all, or that plaintiff was being forced to use a potentially unsafe stool to access the upper bunk.  Deliberate indifference describes "a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety."  *Farmer*, 511 U.S. at 835 (internal quotations omitted).  Here, plaintiff cannot hold Albee liable for his injuries under a theory of deliberate indifference where plaintiff has not even shown that the stool presented a substantial risk of serious harm to him, or that Albee *actually knew* that the stool presented a substantial risk of harm to plaintiff.

Plaintiff also seeks to hold Baker liable because of his role as housing supervisor, but fails to plead facts showing that Baker *personally* participated in depriving plaintiff of his rights. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  The allegations do not show that Baker himself caused plaintiff to be assigned to an upper bunk knowing that plaintiff's physical condition required assignment to a lower bunk, or that Baker actually knew that plaintiff's only means of accessing the upper bunk was through use of a stool known to be dangerous.  Plaintiff fails to allege facts sufficient to show that Baker knowingly exposed plaintiff to a substantial risk of serious harm.

Plaintiff also fails to state an ADA claim.  In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a

public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). Damages are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Plaintiff claims only that he suffers from neuropathy but does not describe how that condition substantially limits his activities. He does not alleges any facts showing that he was discriminated against *because* of his alleged disability or even express what benefit he claims to have been denied or how he claims to have been discriminated against. Moreover, plaintiff seeks damages as relief, but as discussed, fails to adequately allege the requisite deliberate indifference.

Although it appears unlikely, to the extent plaintiff can allege specific facts supporting a deliberate indifference or ADA claim, plaintiff should be granted leave to amend to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc) (Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal).

Accordingly, IT IS HEREBY ORDERED that the amended complaint is dismissed with a final opportunity to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: September 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE